23CA1946 Ciancio v Adams Industrial 07-18-2024 COLORADO COURT OF APPEALS Court of Appeals No. 23CA1946 Adams County District Court No. 22CV30220 Honorable Teri L. Vasquez, Judge Nancy Ciancio, Plaintiff-Appellee, v. Adams Industrial Development Group, LLC, and C-Ball Ventures LLC d/b/a Dealers Auto Auction of the Rockies, Defendants-Appellants. ORDER AFFIRMED Division IV Opinion by JUDGE PAWAR Navarro and Richman*, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced July 18, 2024 Ciancio Ciancio Brown, P.C., Loren M. Brown, Daniel A. Wartell, Denver, Colorado, for Plaintiff-Appellee Holley, Albertson & Polk, P.C., Dennis B. Polk, Eric E. Torgersen, Lakewood, Colorado, for Defendants-Appellants *Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2023. 
1 ¶ 1 Defendants, Adams Industrial Development Group, LLC (AIDG) and Dealers Auto Auction of the Rockies (DAAR), appeal a single part of the costs award to plaintiff, Nancy Ciancio. We affirm. ¶ 2 Ciancio and AIDG owned a piece of property together. DAAR used some of that property. Ciancio sued AIDG and DAAR, alleging that AIDG failed to pay its share of the property taxes and that DAAR failed to pay Ciancio fair market rental value for its use of the property. ¶ 3 Ciancio prevailed at trial and sought prevailing party costs under C.R.C.P. 54(d).
1 The district court awarded those costs, which included Ciancio’s commission of an appraisal report by an expert for the property in question. Defendants challenge the costs awarded for the appraisal report on the sole basis that the report was commissioned before the complaint was filed. We reject this argument. ¶ 4 Rule 54(d) authorizes a court to award to the prevailing party “reasonable costs . . . considering any relevant factors which may 1 Ciancio remains the prevailing party at this time. Ciancio v. Adams, slip op. at ¶ 1 (Colo. App. No. 23CA1380, June 20, 2024) (not published pursuant to C.A.R. 35(e)). 
2 include the needs and complexity of the case.” Our supreme court has explained that costs are awardable under Rule 54(d) if they were “reasonable and necessary costs of litigation.” Gallegos Fam. Props., LLC v. Colo. Groundwater Comm’n, 2017 CO 73, ¶ 42. ¶ 5 We review a prevailing party cost award for abuse of discretion, reversing only if the award was manifestly arbitrary, unreasonable, or unfair. Id. at ¶ 37. ¶ 6 The district court awarded Ciancio the cost of the appraisal report even though it was incurred before litigation began because the expert’s appraisal of fair market rental value was adopted by the court, the expert’s testimony at trial was consistent with and based on the report, and the expert’s appraisal testimony was “integral” to one of Ciancio’s claims. The court also noted that “the report appears to have been prepared to secure a strong pre-litigation posture (in the hopes of avoiding litigation).” ¶ 7 Defendants do not challenge any of these findings on appeal. They simply argue that the appraisal report cost was not awardable because it was incurred before litigation commenced. Importantly, they do not explain why, based on the court’s unchallenged findings, commissioning the appraisal report was not reasonable 
3 and necessary for the litigation, regardless of when it was commissioned. ¶ 8 Defendants do not cite any opinion holding that otherwise awardable costs are rendered unawardable under Rule 54(d) only because they were incurred before a complaint was filed. And we are unaware of any. Indeed, the legal standard for Rule 54(d) costs is whether they are reasonable and necessary to the litigation. See Gallegos, ¶ 42. ¶ 9 Based on the unchallenged district court findings, the cost of the appraisal report was reasonable and necessary to the litigation. The appraisal report was a crucial piece of evidence and was “integral” to one of the claims. It seems there was no reason for Ciancio to commission the report before the dispute that led to the litigation. ¶ 10 Under these circumstances, we fail to see how the mere timing of the appraisal report rendered it unreasonable or unnecessary to the litigation. Accordingly, we cannot say that awarding Ciancio the cost of the report was manifestly arbitrary, unreasonable, or unfair. ¶ 11 We therefore conclude that the district court did not abuse its discretion and reject defendants’ only argument on appeal. 
4 ¶ 12 The order is affirmed. JUDGE NAVARRO and JUDGE RICHMAN concur.